IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

| | |
|---|---|
| DVASH AVIATION HOLDINGS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 0:24-cv-60312 |
| AMP LEASING LIMITED, | ) |
| and | ) |
| SIDERAL LINHAS AEREAS LTDA, | ) |
| Defendants. | ) |

## COMPLAINT

Comes now Dvash Aviation Holdings, LLC ("Dvash" or the "Plaintiff"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 3, and as and for its complaint (the "Complaint") against AMP Leasing Limited ("AMP") and Sideral Linhas Aereas Ltda ("Sideral") (AMP and Sideral being collectively known as the "Defendants" and each sometimes known as a "Defendant") states as follows:

### Introduction

1. This case concerns AMP's purchase of an airplane engine for the benefit of its parent, Sideral, and subsequent failure to pay Dvash the monies due and owing pursuant to the subject Engine Lease-Purchase Agreement (the "Agreement," a copy of which is appended hereto as Exhibit A).

2. Pursuant to the Agreement, AMP was to pay Dvash a down payment of $408,016.00 (the "Initial Payment") at the time of closing.

1

3. It appears that rather than tender the Initial Payment to Dvash, in accord with the express and unambiguous terms of the Agreement, AMP paid the monies over to a third party that, in turn, absconded with the funds.

4. The Agreement requires the Initial Payment be made directly to Dvash for precisely this reason – so as to ensure no intermediaries to an international transaction make off with the funds.

5. By failing to make the Initial Payment in accord with the express terms of the Agreement, AMP ran afoul of the provisions thereof, and Dvash accordingly now brings this suit to recover the monies it is lawfully due and owed.

## Parties

6. Dvash is a limited liability company formed pursuant to the laws of the State of Maryland. For jurisdictional purposes, Dvash is regarded as a citizen of the State of Maryland since the sole member of Dvash is a natural person who, in turn, is a bona fide domiciliary of the State of Maryland.

7. AMP is an entity existing pursuant to the laws of the Republic of Ireland, with its principal place of business being in Dublin, Ireland.

8. Sideral is the parent company of AMP and the sole beneficiary of the business conducted by AMP, with Sideral being an entity existing pursuant to the laws of Federative Republic of Brazil, with its principal place of business being in São José dos Pinhais, Brazil.

9. Upon diligent inquiry, neither Defendant is registered to conduct business in the United States of America and neither Defendant maintains a registered agent in any constituent state of the union.

10. Upon information and belief, both Defendants regularly conduct business in the United States, with AMP leasing and purchase engines – and Sideral acquiring aircraft parts – in Florida on many occasions.

11. In separate litigation, where a California bank is suing AMP and Sideral in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, AMP has argued, *inter alia*, "AMP has not entered into any contract to be performed in Florida." As noted *infra*, however, the contract underlying this case – to which AMP is a party – was to be performed in Florida.

## Jurisdiction and Venue

12. This Honorable Court enjoys jurisdiction over the instant proceeding, pursuant to the allowances of Section 1332(a) of Title 28 of the United States Code, as the amount in controversy *sub judice* exceeds $75,000.00 and this case is between a citizen of Maryland and citizens of two foreign states.

13. Venue is properly laid in this Honorable Court pursuant to the allowances of Section 1391 of Title 28 of the United States Code, as (i) Dvash delivered a jet engine to AMP in Miami, Florida; and (ii) the Agreement expressly provides, *inter alia*:

> The laws of the state of Florida shall govern the obligations of Lessor and Lessee under this Agreement. The parties hereto hereby agree that all actions or proceedings initiated by either of them and arising directly or indirectly out of this Agreement will be subject to the exclusive jurisdiction of the Florida State or Federal courts, which shall have sole jurisdiction there over even in the event of interlocutory proceedings, third-party proceedings or multiple defendants. Lessor and Lessee hereby expressly submit and consent in advance to such jurisdiction and venue in any action or proceeding commenced by Lessor or Lessee in any of such courts.

Agreement, Ex. A, at § 13.4.

## General Allegations

14. Dvash owns a jet engine denoted by engine serial number 721509 (the "Engine").

15. In or about January 2020, Dvash and AMP entered into the Agreement, whereby Dvash agreed to lease and sell the Engine to AMP, for the benefit of AMP's parent, Sideral, in exchange for, *inter alia*, (i) AMP making the Initial Payment at closing; and (ii) AMP thereafter making eighteen (18) equal monthly payments of $52,888.00, to Dvash.

**16.** The Agreement is express that payments shall be made "by wire transfer to Lessor's bank account," with "Lessor" being defined as Dvash and with the wire information for Dvash being set forth in the body text of the Agreement.

17. The Agreement is equally express that "[n]o term or provision of this Agreement may be changed or waived orally, but only by an instrument in writing signed by the parties hereto." Agreement, Ex. A, at § 13.9.

18. In lieu of making the Initial Payment to Dvash, AMP is believed to have tendered the sum to Savanna Leasing LLC ("Savanna Leasing"), on or about April 7, 2020.

19. Savanna Leasing is not an affiliate of Dvash, does not share common ownership with Dvash, and does not hold an equity interest in Dvash.

20. Savanna Leasing was formed as a Florida limited liability company in September 2016 and has been administratively dissolved since September 2021.

21. There are no references to Savanna Leasing in the Agreement.

22. While Dvash did formerly utilize the services of persons believed to be affiliated with Savanna Leasing, the Agreement is express that neither party thereto owes any brokerage commission.

23. At no time has Savanna Leasing transferred any monies to Dvash or to the principal or beneficiary of Dvash.

24. Upon information and belief, Savanna Leasing converted the Initial Payment and has expended the monies in connection with other, unrelated purposes.

25. AMP has made each of the remaining 18 payments to Dvash, required by the Agreement, but continues to refuse to make the initial payment of $408,016.00.

26. Dvash has made demand upon AMP for the Initial Payment, but AMP has demurred and indicated that it does not believe it was obligated to tender the monies directly to Dvash, notwithstanding the plain and express language of the Agreement.

27. AMP has admitted not making the Initial Payment to Dvash and has provided evidence of the payment instead being made to Savanna Leasing.

28. On April 12, 2022, Dvash and AMP entered into a tolling agreement (the "Tolling Agreement") to permit negotiation of the issues set forth herein; Dvash terminated the Tolling Agreement in December 2023 but, pursuant to the Tolling Agreement's allowances, all statutes of limitations and time-centric defenses were suspended for the 18 month duration of the Tolling Agreement.

**Count I – Breach of Contract**
**(Against AMP)**

29. Dvash incorporates paragraphs 1-28 of this Complaint, as though fully set forth herein.

30. The Agreement is a valid contractual agreement between Dvash and AMP.

31. Dvash has performed fully under the Agreement by tendering the Engine to AMP.

32. AMP is in breach of the Agreement, having failed to deliver the Initial Payment to Dvash.

33. This breach has caused Dvash to sustain damages in a sum equal to the Initial Payment plus interest due and owing pursuant to Section 5 of the Agreement.

34. Pursuant to Section 3.2(e) of the Agreement, AMP is also obligated to pay Dvash "all reasonable attorney's fees and costs of collection" occasioned by AMP's breach of the Agreement.

WHEREFORE, Dvash respectfully prays this Honorable Court (i) enter judgment in favor of Dvash, and against AMP, in the principal sum of $408,016.00; (ii) enter judgment in favor of Dvash, and against AMP, for pre-petition interest on the principal debt, accruing at the rate of 1.5% per month; (iii) enter judgment in favor of Dvash, and against AMP, for the attorneys' fees and suit costs incurred by Dvash in connection with this matter; and (iv) afford such other and further relief as may be just and proper.

## Count II – Breach of Contract
### (Against Sideral)

35. Dvash incorporates paragraphs 1-28 and 30-34 of this Complaint, as though fully set forth herein.

36. Sideral is the parent company of AMP and is expressly identified in the Agreement, multiple times, including as the entity to which the Engine is "to be subleased." Agreement, Ex. A, at § 8.1.

37. As the parent of AMP, Sideral controlled AMP at all times relevant.

38. Though Florida law does not recognize a claim for breach of contract *against* a third party beneficiary, case law is largely focused on third party beneficiaries who lack control over the contracting party.

39. Pursuant to Federal Rule of Civil Procedure 11(b)(2), Dvash maintains existing law should be extended or modified to permit a claim for breach of contract against a third party beneficiary where, as here, the subject beneficiary is also the parent company of the counterparty in direct contractual privity.

WHEREFORE, Dvash respectfully prays this Honorable Court (i) enter judgment in favor of Dvash, and against Sideral, in the principal sum of $408,016.00; (ii) enter judgment in favor of Dvash, and against Sideral, for pre-petition interest on the principal debt, accruing at the rate of 1.5% per month; (iii) enter judgment in favor of Dvash, and against Sideral, for the attorneys' fees and suit costs incurred by Dvash in connection with this matter; and (iv) afford such other and further relief as may be just and proper.

### Count III – Unjust Enrichment
### (Against Sideral)

40. Dvash incorporates paragraphs 1-28 of this Complaint, as though fully set forth herein.

41. This claim is pleaded in the express alternative to Count I, pursuant to Federal Rule of Civil Procedure 8(a)(3).

42. Dvash conferred a benefit upon Sideral by providing the Engine for the utilization of Sideral.

43. Sideral, as a knowledgeable and competent airline operator, is cognizant of the origin of the various engines it utilizes, including that one such item came from Dvash.

44. Sideral has voluntarily accepted and retained the Engine; upon information and belief, Sideral still possesses and utilizes the Engine.

45. It would be fundamentally inequitable for Sideral to continue holding and utilizing the Engine without paying Dvash the value thereof.

WHEREFORE, Dvash respectfully prays this Honorable Court (i) enter judgment in favor of Dvash, and against Sideral, in the sum of $408,016.00; and (ii) afford such other and further relief as may be just and proper.

Respectfully Submitted,

THE VERSTANDIG LAW FIRM, LLC

/s/ Maurice B. VerStandig
Maurice B. VerStandig
Bar No. 76723
1452 W. Horizon Ridge Pkwy., #665
Henderson, Nevada 89012
Telephone: (301) 444-4600
E-mail: mac@mbvesq.com
*Counsel for Dvash Aviation Holdings, LLC*