IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

| | | |
|---|---|---|
| DVASH AVIATION HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 0:24-cv-60312-AHS |
| | ) | |
| AMP LEASING LIMITED, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**PROOF OF SERVICE**

I HEREBY CERTIFY that the summons (the "Summons," as found at DE #3, p. 2) for AMP Leasing Limited ("AMP") was received by me on February 26, 2024. The Summons, together with a copy of the complaint herein (the "Complaint," as found at DE #1) was thereafter served upon AMP as follows:

*First*, on March 15, 2024, copies of the Summons and the Complaint were served on the Division of Corporations of the Florida Department of State. *See* Letter No. 240315001SOP.01, attached hereto as Exhibit A. The Federal Rules of Civil Procedure permit service "by delivering a copy of the summons and of the complaint to . . . any other agent authorized . . . by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. . ." Fed. R. Civ. P. 4(h)(1)(B). The Florida Statutes, in turn, authorize service upon the Secretary of State where a foreign entity conducts business in the State of Florida. Fla. Stat. 48.181. Consistent with the foregoing rule, a copy of the Summons and Complaint was thereafter sent to AMP on April 4, 2024 and received by AMP on April 8, 2024. *See* FedEx Proof of Delivery for AMP, attached hereto as Exhibit B.

1

*Second*, and as an additional form of service,[1] a copy of the Complaint and Summons were sent to AMP on April 4, 2024 and received by AMP on April 8, 2024 (being the same transmission noted above, not a second or separate transmission). *See* FedEx Proof of Delivery for AMP, attached hereto as Exhibit B. The Federal Rules of Civil Procedure permit service of process on a foreign entity "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f), in turn, permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). And "Article 10 of the Hague Convention allows for service by mail." *Balestra v. Cloud With Me Ltd.*, 2020 WL 13886412, at *5 (W.D. Pa. Nov. 30, 2020) (citing *Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017)). *See also* Convention Done at the Hague November 15, 1965;, T.I.A.S. No. 6638 (U.S. Treaty Feb. 10, 1969) at Art. 10 (providing for service by mail "Provided the State of destination does not object. . ."); *Balestra*, 2020 WL 13886412, at *5 ("Ireland's declaration against Article 10 permits service of foreign judicial proceedings in accordance with Irish law. Under Ireland's Superior Courts Rules, service of summons may be effected 'by the sending of a copy of the summons by registered prepaid post in an envelope addressed to the person to be served at his last known residence or place of business in the State.'") (citing Irish Superior Courts Rules Order 9, rule 2(1)(iii), www.courts.ie/rules/service-summons) (internal citation omitted).

*[Signature on Following Page]*

---

[1] It is the plaintiff's position that service was properly effectuated pursuant to the first form of service enumerated herein. The second form of service is simply noted to demonstrate the satisfaction of service rigors through additional, alternative means.

Respectfully Submitted,

THE VERSTANDIG LAW FIRM, LLC

/s/ Maurice B. VerStandig
Maurice B. VerStandig
Bar No. 76723
9812 Falls Road, #114-160
Potomac, Maryland 20854
Telephone: (301) 444-4600
E-mail: mac@mbvesq.com
*Counsel for Dvash Aviation Holdings, LLC*