UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-60312-CIV-SINGHAL

DVASH AVIATION HOLDINGS, LLC,

    Plaintiff,

v.

AMP LEASING LIMITED, and
SIDERAL LINHAS AEREAS LTDA,

    Defendants.
_____/

## AMP LEASING LIMITED ANSWER AND AFFIRMATIVE DEFENSES

Defendant AMP Leasing Ltd. ("AMP), by and through its undersigned counsel, submits the following as its Answer and Affirmative Defenses to the Complaint [DE1] filed by the Plaintiff Dvash Aviation Holdings, LLC ("Plaintiff" or "Dvash"), and states as follows:

1. AMP admits that it purchased an aircraft engine pursuant to the Engine Lease-Purchase Agreement (the "Lease-Purchase Agreement") attached to the Complaint as Exhibit A, but except as specifically admitted herein, AMP denies the remaining allegations in paragraph 1 of the Complaint and demands strict proof thereof.

2. Admitted.

3. AMP denies the allegations contained in paragraph 3 of the Complaint and demands strict proof thereof.

4. AMP is without sufficient knowledge to admit or deny the allegations contained in paragraph 4 of the Complaint and, therefore, denies same and demands strict proof thereof.

5. AMP denies the allegations contained in paragraph 5 of the Complaint and demands strict proof thereof.

6. AMP is without sufficient knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint and, therefore, denies same and demands strict proof thereof.

7. Admitted.

8. AMP admits that Sideral is an entity incorporated in Brazil with its principal place of business in in São José dos Pinhais-PR, BRASIL, but except as specifically admitted herein, AMP denies the remaining allegations in paragraph 8 of the Complaint and demands strict proof thereof.

9. Admitted.

10. AMP denies the allegations contained in paragraph 10 of the Complaint and demands strict proof thereof.

11. AMP denies the allegations contained in paragraph 11 of the Complaint and demands strict proof thereof.

**Jurisdiction and Venue**

12. AMP admits that the Complaint alleges claims which satisfy the jurisdictional requirements of 28 U.S.C. § 1332, but denies that there is a basis for the assertion of such claims against AMP and demands strict proof thereof.

13. AMP admits that the Complaint alleges venue pursuant to the requirements of 28 U.S.C. § 1391, but denies that there is a basis for the assertion of such claims against AMP and demands strict proof thereof.

**General Allegations**

14. Admitted that Dvash owned the Engine at the time the parties entered into the Lease-Purchase Agreement, but AMP states that it should be the current owner of the Engine because it made all payments pursuant to the Lease-Purchase Agreement. Except as specifically

admitted herein, AMP denies the remaining allegations in paragraph 14 of the Complaint and demands strict proof thereof.

15. AMP admits that it entered into the Lease-Purchase Agreement and respectfully refers the Court to such document for the entirety of the terms set forth therein. Except as specifically admitted herein, AMP denies the remaining allegations in paragraph 15 of the Complaint and demands strict proof thereof.

16. AMP admits that it entered into the Lease-Purchase Agreement and respectfully refers the Court to such document for the entirety of the terms set forth therein. Except as specifically admitted herein, AMP denies the remaining allegations in paragraph 16 of the Complaint and demands strict proof thereof.

17. AMP admits that it entered into the Lease-Purchase Agreement and respectfully refers the Court to such document for the entirety of the terms set forth therein. Except as specifically admitted herein, AMP denies the remaining allegations in paragraph 17 of the Complaint and demands strict proof thereof.

18. AMP denies the allegations contained in paragraph 18 of the Complaint and demands strict proof thereof. The payment was made pursuant to instructions received from or on behalf of Dvash.

19. AMP is without sufficient knowledge to admit or deny the allegations contained in paragraph 19 of the Complaint and, therefore, denies same and demands strict proof thereof.

20. AMP is without sufficient knowledge to admit or deny the allegations contained in paragraph 20 of the Complaint and, therefore, denies same and demands strict proof thereof.

21. AMP admits that it entered into the Lease-Purchase Agreement and respectfully refers the Court to such document for the entirety of the terms set forth therein. Except as

specifically admitted herein, AMP denies the remaining allegations in paragraph 21 of the Complaint and demands strict proof thereof.

22.   AMP is without sufficient knowledge to admit or deny the allegations contained in paragraph 22 of the Complaint regarding the former utilization of services of persons believed to be affiliated with Savanna Leasing and, therefore, denies same and demands strict proof thereof. As to the allegations regarding the terms of the Lease-Purchase Agreement, AMP respectfully refers the Court to such document for the entirety of the terms set forth therein. Except as specifically admitted herein, AMP denies the remaining allegations in paragraph 22 of the Complaint and demands strict proof thereof.

23.   AMP is without sufficient knowledge to admit or deny the allegations contained in paragraph 23 of the Complaint and, therefore, denies same and demands strict proof thereof.

24.   AMP is without sufficient knowledge to admit or deny the allegations contained in paragraph 24 of the Complaint and, therefore, denies same and demands strict proof thereof.

25.   AMP admits that it made each of the 18 payments to Dvash, but denies that it failed to make the Initial Payment of $408,016.00. The payment was made pursuant to instructions received from or on behalf of Dvash. Except as specifically admitted herein, AMP denies the remaining allegations in paragraph 25 of the Complaint and demands strict proof thereof.

26.   AMP admits that Dvash has made demand upon AMP for the Initial Payment and states that the payment was made pursuant to instructions received from or on behalf of Dvash. Except as specifically admitted herein, AMP denies the remaining allegations in paragraph 26 of the Complaint and demands strict proof thereof.

27. AMP denies the allegations contained in paragraph 27 of the Complaint and demands strict proof thereof. The payment was made pursuant to instructions received from or on behalf of Dvash.

28. AMP admits that it entered into a Tolling Agreement with Dvash and respectfully refers the Court to such agreement for the provisions set forth therein. Except as specifically admitted herein, AMP denies the remaining allegations in paragraph 28 of the Complaint and demands strict proof thereof.

### Count I – Breach of Contract
### (Against AMP)

29. AMP repeats and realleges its responses to the allegations contained in paragraphs 1 through 28 of the Complaint as if separately set forth herein.

30. Admitted.

31. AMP denies the allegations contained in paragraph 31 of the Complaint and demands strict proof thereof.

32. AMP denies the allegations contained in paragraph 32 of the Complaint and demands strict proof thereof.

33. AMP denies the allegations contained in paragraph 33 of the Complaint and demands strict proof thereof.

34. AMP denies the allegations contained in paragraph 34 of the Complaint and demands strict proof thereof.

WHEREFORE, AMP respectfully requests that this Court enter judgment in its favor and against Plaintiff, together with the costs of suit, attorneys' fees, and such other and further relief as to this Court appears just and proper.

## Count II – Breach of Contract
## (Against Sideral)

35 – 39.  The allegations contained in paragraphs 35 through 39 of the Complaint do not relate to AMP and therefore no response is required. To the extent a response is required, AMP denies the allegations contained in those paragraphs and demands strict proof thereof.

## Count III – Unjust Enrichment
## (Against Sideral)

40 – 45.  The allegations contained in paragraphs 40 through 45 of the Complaint do not relate to AMP and therefore no response is required. To the extent a response is required, AMP denies the allegations contained in those paragraphs and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff failed to state a claim against AMP upon which relief can be granted.

2. The Initial Payment was paid by AMP in accordance with the written instructions received from or on behalf of Dvash.  In particular, AMP received from Dvash, or an authorized representative of Dvash, an invoice setting forth payment instructions which were to be followed by AMP.  Payment was made in accordance with the payment instructions received.

3. Plaintiff's claims are barred in whole or in part by the course of conduct and course of dealing between the AMP and Dvash including Dvash acting through its representative.

4. Plaintiff's claims are barred in whole or in part because Plaintiff suffered no damage or compensable injury because the Initial Payment was made in accordance with instructions received from Dvash, or an authorized representative of Dvash.

5. Plaintiff's claims are barred in whole or in part due to the actual and/or apparent authority of its representative to act on behalf of Dvash in its dealings with AMP, including the providing of payment information to AMP for the Initial Payment.

6

6.      Plaintiff is estopped from claiming that it is not bound by the payment instructions provided to AMP by Dvash, or an authorized representative of Dvash.

7.      Plaintiff waived its right to claim that the authorized representative of Dvash was not permitted to forward payment instructions to AMP by continuing to rely upon the advice and guidance of that authorized representative after learning that the authorized representative provided the payment instructions to AMP in January 2020.

8.      AMP reserves the right to assert other and further affirmative defenses as they become known.

**WHEREFORE,** having fully answered the Complaint, the Defendant AMP Leasing Limited respectfully requests that (1) the Plaintiff take nothing, and that its causes of action against Defendant AMP be dismissed with prejudice and on the merits; (2) to the extent permitted by applicable law, that Defendant AMP be awarded its costs and disbursements, including reasonable attorneys' fees incurred in defending this action; and (3) the Court grant such other and further relief as to this Court appears just and proper.

Respectfully submitted,

/s/ *Seth P. Robert*
Seth P. Robert
Florida Bar No. 145696
Connis O. Brown, III
Florida Bar No. 641960
**BROWN ROBERT, LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone:  954.832.9400
Facsimile:  954.832.9430
E-mail: srobert@brownrobert.com
E-mail: cbrown@brownrobert.com

*Attorneys for Defendant AMP Leasing Limited*

## Certificate of Service

      I hereby certify that on May 31, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served a copy of the foregoing upon the following:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Pkwy., #665
Henderson, Nevada 89012
Telephone: 301-444-4600
E-mail: mac@mbvesq.com
*Attorney for Plaintiff*

                                      /s/ *Seth P. Robert*
                                      Seth P. Robert
                                      Florida Bar No. 145696