IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

| | | |
|---|---|---|
| DVASH AVIATION HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 0:24-cv-60312-AHS |
| | ) | |
| AMP LEASING LIMITED, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO TAKE LIMITED JURISDICTIONAL DISCOVERY**

Comes now Dvash Aviation Holdings, LLC ("Dvash" or the "Plaintiff"), by and through undersigned counsel, pursuant to Local Rule 7.1, and moves for leave to take limited jurisdictional discovery in furtherance of filing a supplemental brief—together with supporting evidence—in opposition to Sideral Linhas Aereas Ltda.'s Motion to Dismiss Based on Lack of Personal Jurisdiction and Failure to State a Claim, and to Quash Service of Process (the "Motion to Dismiss," as found at DE #15, with the proponent thereof being known as "Sideral" or the "Defendant"),[1] and in support thereof states as follows:

I. **Introduction**

As discussed more fully in a brief in opposition to the Motion to Dismiss being filed contemporaneously with this motion (the "Opposition Brief"), there is a need to take limited jurisdictional discovery so as to ascertain the bona fides, or lack thereof, of the Motion to Dismiss. Dvash does not seek to prematurely delve into the full scope of Rule 26 discovery in this case, but

---

[1] The term "Defendant" is defined to solely refer to Sideral, with the other defendant in this case—AMP Leasing Limited ("AMP")—having filed an answer, DE #17, and thusly not being a party to the Motion to Dismiss.

1

equally knows that there exist relevant facts, not determinable by a rigorous pre-suit investigation, that are likely to be dispositive of the Motion to Dismiss.

The Motion to Dismiss, at core, raises four arguments: (i) Dvash has failed to state a claim for relief; (ii) Sideral is not subject to general jurisdiction in Florida; (iii) Sideral is not subject to specific jurisdiction in Florida; and (iv) even if Sideral is otherwise subject to specific jurisdiction, proceeding herein would offend notions of due process. *See* Motion to Dismiss, DE #15, *passim*.[2] The first contention is purely legal in nature and certainly does not invite discovery at this stage of the proceedings. The latter three contentions, however, are properly assessed with the aid of facts outside the four corners of the operative pleading and, under applicable precedent, merit the taking of limited discovery.

## II.     Argument: Jurisdictional Discovery is Appropriate

Dvash believes it important to use jurisdictional discovery to assess three key issues: (i) whether Sideral took delivery, of the airplane engine at issue in this case, in Florida or outside the United States; (ii) the quantity of transactions in Florida, and generalized substance thereof, to which Sideral has been a party in the preceding several years; and (iii) the full extent of Sideral's connections to AMP, including the numerosity of shared employees, the degree to which AMP functions fully as a conduit of Sideral, and the frequency with which AMP conducts business in Florida for the benefit of Sideral. In furtherance of these areas of discovery, Dvash proposes to issue not more than ten requests for production to Sideral and to take the deposition of Sideral through whatever person(s) the Defendant may designate as being most knowledgeable about these subject matters. Dvash believes a 90-day discovery period would be sufficient to conduct the

---

[2] Sideral also argues service of process to be improper but, as noted in the Opposition Brief, the rationale underlying that argument is co-extensive with the jurisdictional arguments.

appropriate inquiry and then submit a supplemental brief in opposition to the Motion to Dismiss, supported by any relevant evidence gleaned during discovery.[3]

As previously observed by this Honorable Court, "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Elardi v. I.S. Makinen Oy*, 2019 WL 6003210, at *2 (S.D. Fla. Nov. 14, 2019) (quoting *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.C. Cir. 2003)).

Here, the proposed discovery is limited in both subject matter and form. Dvash is not seeking to engage in an open-ended fishing expedition; Dvash is, rather, confronting a Defendant that acknowledges having multiple contractual ties to the United States, that acknowledges having received an airplane engine that Dvash delivered in Miami, and that acknowledges having commenced the process of obtaining approvals to operate in the United States. The areas on which discovery is proposed are both relevant to the guiding legal principals discussed in the Opposition Brief and uniformly of a nature not discoverable by Dvash through pre-suit investigation.

The core—and seemingly undisputed—facts of this case are that Dvash delivered an airplane engine, in Miami, for the use of Sideral, and that Dvash then was not fully compensated for the airplane engine. The contractual counterparty to Dvash, AMP, has filed an answer herein and this suit will be progressing as against AMP without regard to the disposition of the claims against Sideral. But better understanding the contacts, *vel non*, of Sideral with the State of Florida

---

[3] For the avoidance of doubt, should Dvash come to believe, during the discovery period, that Sideral is genuinely not subject to jurisdiction in the Southern District of Florida, Dvash will simply then file a notice of dismissal as to Sideral. Dvash certainly does not mean to suggest a supplemental opposition brief will be forthcoming without regard to the sum and substance of what is learned during the discovery process.

is instrumental to opposing the Motion to Dismiss. And Dvash thusly submits that jurisdictional discovery is appropriate.

WHEREFORE, Dvash respectfully prays this Honorable Court (i) permit Dvash to take jurisdictional discovery from Sideral, on the subjects outlined herein, through the mechanisms outlined herein; (ii) defer ruling on the Motion as to the questions of jurisdiction and sufficiency of service of process for 90 days from the commencement of jurisdictional discovery, so as to allow for supplemental briefing and the presentation of supplemental evidence; and (iii) afford such other and further relief as may be just and proper.

## Local Rule 7.1(a)(3) Certification

I HEREBY CERTIFY that on June 7, 2024, I conferred with Seth P. Robert, Esq. ("Mr. Robert"), counsel for Sideral, about the desire of Dvash to take jurisdictional discovery. After exchanging brief e-mails to establish a time to speak, Mr. Robert and I conversed for approximately 15 minutes about the issue of jurisdictional discovery, working cooperatively to assess if an agreement on the subject might be reached. Subsequently, on June 12, 2024, Mr. Robert and I again spoke, for approximately 11 minutes, in a continued effort to assess if the issue might find amicable resolution. As of the filing of this motion, the dialogue between Mr. Robert and myself is ongoing; while I cannot feign that any agreement has been reached, I also sincerely believe there is a potential for a consensual resolution of the issue of jurisdictional discovery. This motion is being filed as of present, however, so as to coincide with the Opposition Brief coming due and so as to preserve my client's rights. Should a consensual resolution be subsequently reached, I will work with Mr. Robert to seasonably notify this Honorable Court.

*[Signature on Following Page]*

        Respectfully Submitted,

        THE VERSTANDIG LAW FIRM, LLC

        /s/ Maurice B. VerStandig
        Maurice B. VerStandig
        Bar No. 76723
        1452 W. Horizon Ridge Pkwy., #665
        Henderson, Nevada 89012
        Telephone: (301) 444-4600
        E-mail: mac@mbvesq.com
        *Counsel for Dvash Aviation Holdings, LLC*

## Certificate of Service

I hereby certify that on this 14th day of June, 2024, I caused this document to be electronically filed via this Honorable Court's CM/ECF system which, in turn, caused a copy to be served upon:

    Seth P. Robert, Esq.
    Connis O. Brown, III, Esq.
    BROWN ROBERT, LLP
    150 North Federal Highway, Suite 200
    Fort Lauderdale, FL 33301
    Telephone: 954.832.9400
    Facsimile: 954.832.9430
    E-mail: srobert@brownrobert.com
    E-mail: cbrown@brownrobert.com
    *Counsel for the Defendants*

        /s/ Maurice B. VerStandig
        Maurice B. VerStandig