UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-60312-CIV-SINGHAL

DVASH AVIATION HOLDINGS, LLC,

    Plaintiff,

v.

AMP LEASING LIMITED, and
SIDERAL LINHAS AEREAS LTDA,

    Defendants.
_____/

### SIDERAL LINHAS AEREAS LTDA.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM, AND TO QUASH SERVICE OF PROCESS

Defendant Sideral Linhas Aereas Ltda. ("Sideral"), submits this reply memorandum in further support of its motion to (1) dismiss the Complaint [DE 1] filed by the Plaintiff Dvash Aviation Holdings, LLC ("Plaintiff" or "Dvash") (a) pursuant to Fed. R. Civ. P. 12(b)(2) based on a lack of personal jurisdiction over Sideral, and (b) pursuant to Fed. R. Civ. P. 12(b)(6) based on the failure to state a claim against Sideral and (2) quash service of process upon Sideral pursuant to Fed. R. Civ. P. 12(b)(4) and (5) (the "Motion") [DE 15].

### PRELIMINARY STATEMENT

The Opposition to the Motion filed by Dvash [DE 19] narrows the issues for consideration by this Court.

First, Dvash states that it "is not presently alleging that Sideral is subject to general jurisdiction in Florida in connection with this case." Opposition ("Opp.") [DE 19], at p. 11. Therefore, the Court need not consider the general jurisdiction arguments raised by Sideral. Unless

Dvash establishes a basis for specific jurisdiction over Sideral (to which Sideral states there is no basis), the Complaint [DE 1] must be dismissed.

Second, the Opposition acknowledges (as did the Complaint) that "Florida law does not recognize a cause of action for breach of contract against a third-party beneficiary." Opp. [DE 19], at p. 2.  While Dvash continues to attempt to argue for an extension of Florida law, the fact remains that the current law articulated by the Florida Supreme Court does not permit such a claim and a Federal District Court is bound to adhere to that precedent.

Third, the Opposition acknowledges that a claim for unjust enrichment cannot be pursued if an express contract exists concerning the same subject matter.  Opp. [DE 19], at pp. 4-5. Although Dvash attempts to avoid that prohibition by acknowledging that "Sideral is not an express signatory to the document" (*id.* at p. 6), the Complaint alleges that the unjust enrichment claim "is pleaded in the express alternative to Count I" (Complaint [DE 1], at ¶ 41), which is the contract claim against AMP Leasing Limited.  Since it is undisputed that there is a contract between Dvash and AMP, the unjust enrichment claim "concerning the same subject matter" is improper.

## MEMORANDUM OF LAW

I. **DVASH FAILS TO ESTABLISH THAT THE COMPLAINT STATES PROPER CLAIMS AGAINST SIDERAL**

A. **Settled Florida Law Bars A Breach of Contract Against A Non-Signatory To The Contract.**

As acknowledged by Dvash, the Florida Supreme Court in *Mendez v. Hampton Ct. Nursing Ctr., LLC*, 203 So. 3d 146 (Fla. 2016), held that "the third-party beneficiary doctrine enables a non-contracting party to enforce a contract against a contracting party – not the other way around." *Id.* at 149; Opp. [DE 19], at p. 8.  According to the Eleventh Circuit,

> a federal court sitting in diversity jurisdiction applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result . . . In particular, the federal court must follow the decisions of the state's highest court when that court has addressed the relevant issue . . . Here the Florida Supreme Court has published an opinion that squarely address the issues raised by this appeal.

*Technical Coating Applicators, Inc. v. US Fidelity & Guar. Co.*, 157 F.3d 843, 844-45 (11th Cir. 1998). Since this issue has been addressed by the Florida Supreme Court, the principle barring a breach of contract claim against an admitted non-party to the agreement must be applied by a Federal District Court to the claim against Sideral. *See, e.g., Anago Franchising, Inc. v. Shaz, LLC*, 2012 WL 12860742, at *3 (S.D. Fla. Nov. 27, 2012) ("even if Defendants are third-party beneficiaries, they cannot breach a contract to which they are not parties").

Sideral submits that while Dvash acknowledges that it is seeking an expansion or alteration of the settled principles set forth in *Mendez* (Opp. [DE 19], at p. 9), such an alteration to settled Florida law is not appropriate in a situation where this Court is required to follow (and by implication not alter) precedent established by the Florida Supreme Court. *Technical Coating Applicators, Inc.*, 157 F.3d at 844-45. While Dvash cites many cases for a change in this law based on equitable principles (Opp. [DE 19] at pp. 9-10), it does not alter the fact that this Court must follow the law established by the Florida Supreme Court and not change it, for equitable principles or otherwise.

Accordingly, the breach of contract claim against Sideral should be dismissed.

**B.    Dvash Cannot Claim Unjust Enrichment Against Sideral.**

Dvash acknowledges in its Opposition that Sideral correctly observes that under Florida law, "a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter." *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008); Opp. [DE 19], at pp. 4-5. However, Dvash argues and provides

cases in which that principle is limited to situations in which the plaintiff and defendant are both parties to the same contract and therefore in privity to each other. Opp. [DE 19], at pp. 5-6. Sideral acknowledges that those cases permitted the plaintiff to assert unjust enrichment claims because there was no contractual relationship between the parties. However, as set forth in the Motion [DE 15], Count III of the Complaint seeks to recover against Sideral based on unjust enrichment and the Complaint specifies that this Count "is pleaded in the express alternative to Count I [the count against AMP]." *Id.* ¶ 41. AMP admits that it entered into the Lease-Purchase agreement with Dvash, although it denies that it is liable for breach of that agreement. Answer and Affirmative Defenses [DE 17], at ¶ 15. Accordingly, since the Complaint alleges this unjust enrichment count as an alternative to the contract claim against AMP, and there is a contract between AMP and Dvash, there can be no quasi-contract claim asserted in the alternative against Sideral.

Finally, Dvash does not dispute the principle that "unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1326 (S.D. Fla. 2000). In that case, the plaintiff "failed to allege that an adequate remedy at law does not exist, and nothing in the Amended Complaint or arguments of the parties indicates that such a situation exists." *Id.* at 1326-27. Here, there is no allegation in the Complaint that an adequate remedy at law does not exist. In fact, Dvash asserted an action at law against AMP. Complaint [DE 1], at Count I.

Accordingly, the unjust enrichment count against Sideral must be dismissed.

## II.  THIS COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER SIDERAL

### A.  Dvash Failed To Submit Any Evidence Supporting Jurisdiction.

"When a defendant challenges personal jurisdiction 'by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Guarini v. Doe*, 634 F. Supp. 3d 1100, 1103 (S.D. Fla. 2022). Although

Dvash argues that it should be entitled to jurisdictional discovery, and filed a separate motion to that effect [DE 20], it did not submit any evidence supporting its assertion of personal jurisdiction in this case against Sideral, or its entitlement to discovery.

It is settled law that the plaintiff, in order to justify the exercise of jurisdiction, must "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (citations omitted); *see also Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000) (finding that once the burden shifts back, a plaintiff must substantiate jurisdictional allegations with affidavits, testimony, or other evidence). Here, Dvash has done no more than reiterate the factual allegations from its complaint against Sideral and did not provide any evidence regarding personal jurisdiction in support of the allegations it has made thus far in the action.

Dvash posits, without evidentiary support, that Sideral itself picked up the aircraft engine in Miami. Moreover, Dvash alludes to the fact that Sideral was involved in "at least one other Florida-centric transaction that recently gave rise to litigation in state court." While there was another litigation, what Dvash fails to advise this Court is that after an evidentiary hearing in that case, the state court dismissed the claims against Sideral based a lack of personal jurisdiction. *Preferred Bank v. Sideral Linhas Aereas. Ltda., et al.*, Case No. 2023-002860-CA-01, Order, dated Apr. 15, 2024, a copy of which is attached hereto as Exhibit "2". Any attempt here to rely upon the unsupported (and ultimately rejected) jurisdictional allegations made by the Plaintiff in that other case (Opp. [DE 19], at pp. 11-12), provide no evidentiary support for jurisdiction in this case.

Finally, the fact that Sideral may have entered into other contracts which were governed by Florida law and Florida was selected as the location for any lawsuit does not provide a basis upon which to subject Sideral to specific personal jurisdiction in this case.

### B. **Dvash Fails to Satisfy The Requirements for Specific Jurisdiction in Florida**

Specific jurisdiction requires allegations that the defendant did one of the enumerated actions within Florida <u>and</u> that the plaintiff's cause of action arises from such actions – which is "known as the statute's connexity requirement." *Piazenko v. Pier Marine Interiors GmbH*, 314 So. 3d 438, 443-44 (Fla. 3d DCA 2020).

Dvash argues that Sideral is subject to jurisdiction in Florida because the aircraft engine being leased to AMP was delivered "FOB Miami NDT facility in Miami, Florida" and Sideral acknowledges that it "purchases parts from sellers in many countries, including the United States." Opp. [DE 19], at p. 13. However, the fact that a business "ordered goods from a Florida corporation is not sufficient to establish minimum contacts with Florida so as to allow [the defendant] to be sued in Florida." *See Alan Richard Textiles, Ltd. v. Vertilux, Inc.*, 627 So. 2d 529, 530 (Fla. 3d DCA 1993).

In the case *DelValle v. Trivago GmbH, et al.*, 56 F.4th 1265 (11th Cir. 2022), cited by Dvash (Opp. [DE 19], at pp. 13-17), the business of the defendants consisted of websites accessible in Florida on which Florida residents booked accommodations at resorts in Cuba. *DelValle*, 56 F.4th at 1272. That factual scenario is not relevant to the factual basis upon which Dvash seek personal jurisdiction over Sideral. Moreover, in that case, the defendant did not submit any affidavits or other exhibits rebutting the jurisdictional allegations in the complaint, so the analysis was facial, rather than factual. *Id.* at 1271. Here, Sideral asserts a factual rebuttal to the allegations in the Complaint.

To satisfy the requirements of due process for purposes of personal jurisdiction, "the *defendant's* suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285-86 (citation omitted).

Dvash argues that its claim against Sideral arises out of a transaction undertaken in the State of Florida. Opp. [DE 19], at p. 15. However, the Lease-Purchase Agreement was entered between Dvash and AMP and it stated that it was governed by the laws of the State of Florida and those parties agreed that any actions or proceedings initiated by Dvash or AMP against the other and arising out of the Lease-Purchase Agreement shall be subject to the exclusive jurisdiction of the Florida state courts – not a suit against Sideral (*Id.* ¶ 13; Complaint Exh. A, at § 13.4). At best, the exhibit to the Complaint provides that Sideral entered into a separate sublease with AMP, the Irish entity. Sideral did not purposefully avail itself of the privilege of conducting business in Florida. It availed itself of doing business in Brazil with an Irish entity, AMP.

Moreover, the fact that AMP entered into the Lease-Purchase Agreement with an entity located in the United States and the engine was made available in Miami should not give Sideral a reasonable belief that it may be haled into court in Florida. Dvash fails to cite a case with such facts.

Finally, Sideral's business as an airline which operates in Brazil and has not commenced any operations in the United States does not diminish the fact that requiring it to defend this action in Florida will place an improper burden on it. Witnesses and documents relating to the business of Sideral are located outside of Florida. As stated in the Motion, Florida has little interest in

7

resolving a dispute between a Maryland corporation and a Brazilian company regarding an aircraft engine located in Brazil. In *DelValle*, the Eleventh Circuit recognized that Florida has a significant interest in providing Florida residents with "a convenient forum for redressing injuries inflicted by out-of-state actors" (56 F.4th at 1277), but that is not the case here with the Maryland plaintiff. Complaint [DE 1], at ¶ 6.

Accordingly, the Court should grant Sideral's motion to dismiss based on a lack of personal jurisdiction over Sideral.

### III.   SERVICE OF PROCESS UPON SIDERAL SHOULD BE QUASHED BECAUSE SIDERAL DOES NOT TRANSACT BUSINESS IN FLORIDA

It is undisputed that prior to completing service of process upon Sideral through the Hague Convention on service of process abroad (Opp. [DE 19], at p. 18), Dvash delivered the Summons and Complaint to the Florida Secretary of State pursuant to Fla. Stat. § 48.181. *See* Proof of Service [DE 13], filed on May 25, 2024. As set forth in the Motion, there is no basis for serving process on Sideral in this manner. Motion [DE 15], at pp. 15-16. Until such time as the Plaintiff properly serves process, Sideral should not be put to the time and expense of defending a lawsuit.

Dvash has no basis upon which to serve Sideral through the Florida Secretary of State and therefore Dvash should be barred from utilizing Fla. Stat. § 48.181 as the method for service on Sideral. Service of process on Sideral should be quashed. *See, e.g., Biscayne Athletic Club v. Iacono*, 367 So. 2d 275, 276 (Fla. 3d DCA 1979) (trial court erred in denying motion to quash because the allegations were insufficient to support long-arm jurisdiction).

### CONCLUSION

WHEREFORE, for the reasons set forth in the Motion [DE 15] and above, the Defendant Sideral Linhas Aereas Ltda. respectfully requests that this Court grant the Motion and (1) dismiss the complaint based on a lack of personal jurisdiction and failure to state a claim against Sideral

and (2) quash service of the Complaint on Sideral, together with granting attorneys' fees and costs to the maximum amount permitted by law, and such other and further relief as to this Court appears just and proper.

        Respectfully submitted,

/s/ *Seth P. Robert*
Seth P. Robert
Florida Bar No. 145696
Connis O. Brown, III
Florida Bar No. 641960
**BROWN ROBERT, LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone:  954.832.9400
Facsimile:  954.832.9430
E-mail: srobert@brownrobert.com
E-mail: cbrown@brownrobert.com

*Attorneys for Defendant Sideral Linhas Aereas Ltda.*

**Certificate of Service**

I hereby certify that on June 21, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served a copy of the foregoing upon the following:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Pkwy., #665
Henderson, Nevada 89012
Telephone: 301-444-4600
E-mail: mac@mbvesq.com
*Attorney for Plaintiff*

/s/ *Seth P. Robert*
Seth P. Robert
Florida Bar No. 145696