UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-60312-CIV-SINGHAL

DVASH AVIATION HOLDINGS, LLC,

    Plaintiff,

v.

AMP LEASING LIMITED, and
SIDERAL LINHAS AEREAS LTDA,

    Defendants.
_____/

## SIDERAL LINHAS AEREAS LTDA.' S RESPONSE TO MOTION TO TAKE LIMITED JURISDICTIONAL DISCOVERY

Defendant Sideral Linhas Aereas Ltda. ("Sideral"), submits this memorandum in response to the Motion by Plaintiff Dvash Aviation Holdings, LLC ("Plaintiff" or "Dvash") for limited jurisdictional discovery (the "Motion") [DE 20]. For the reasons set forth below, to the extent the Court intends to provide some jurisdictional discovery to Dvash, Sideral requests that any such discovery be limited to information which will assist the Court in ruling upon the lack of specific personal jurisdiction over Sideral, but not extraneous matters.

According to the Motion, Dvash seeks discovery on three issues: (1) whether Sideral took delivery of the airplane engine at issue in this case in Florida or outside the United States; (2) the quantity of transactions in Florida, and generalized substance thereof, to which Sideral has been a party in the preceding several years; and (3) the full extent of Sideral's connections to AMP, including the numerosity of shared employees, the degree to which AMP functions fully as a conduit of Sideral, and the frequency with which AMP conducts business in Florida for the benefit of Sideral. Motion [DE 20], at p. 2. Similar to the situation presented in *Brown v. Carnival Corp.*,

2020 F. Supp.3d 1332, 1346 (S.D. Fla. 2016), "Plaintiff did not submit any evidence or affidavit to support the jurisdictional allegations contained within the Complaint" but rather filed this Motion because Dvash claims that it requires jurisdictional discovery to respond to the Motion to Dismiss filed by Sideral. *See id.* In *Brown,* the Court denied jurisdictional discovery because "[p]laintiff is precluded from pursuing jurisdictional discovery in an attempt to marshal facts that she 'should have had – but did not – before coming through the courthouse doors." *Id.* (citation omitted). Sideral submits that a similar ruling is appropriate in this case.

Even one of the cases cited by Plaintiff, *Elardi v. I.S. Makinen OY*, 2019 WL 6003210 (S.D. Fla. Nov. 14, 2019), recognizes that "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to <u>reasonable discovery</u> . . . ." *Id.* at *2 (citation omitted) (emphasis added). Sideral submits that even the limited categories requested by Dvash are not reasonable under the circumstances. However, to the extent the Court believes Dvash is entitled to any jurisdictional discovery, Sideral would not oppose producing certain documents as set forth below, without waiver of its arguments in favor of dismissal based on a lack of personal jurisdiction.

**<u>Delivery of the Airplane Engine to Sideral</u>**

To the extent the Court permits jurisdictional discovery, Sideral would not oppose providing Dvash with documentation showing the manner and means by which the airplane engine at issue was delivered to Sideral in Brazil. It will show that a third-party picked up the engine in Miami and transported it to Brazil.

**<u>The Quantity of Transactions in Florida</u>**

Sideral respectfully submits that the only transactions in Florida which are relevant to a personal jurisdictional analysis are those in which Sideral, in Florida, sold goods to a Florida person or entity. The fact that a business located outside of the State of Florida "ordered goods

from a Florida corporation is not sufficient to establish minimum contacts with Florida so as to allow [the defendant] to be sued in Florida." *See Alan Richard Textiles, Ltd. v. Vertilux, Inc.,* 627 So. 2d 529, 530 (Fla. 3d DCA 1993).  Therefore, requiring the production of documents regarding purchases Sideral may have made from businesses or individuals located in Florida is not relevant to a personal jurisdiction analysis.

Accordingly, should the Court permit jurisdictional discovery on this issue, Sideral will not oppose searching for documentation showing any instances in which Sideral, in Florida, sold goods to a person or entity located in Florida.  However, Sideral has advised undersigned counsel that it does not believe that any transactions occurred in such a manner.  It is Sideral's belief that to the extent an entity from Florida purchased parts from Sideral, the transaction took place in Brazil.

**The Relationship Between Sideral and AMP**

The relevant question for the Court to consider for purposes of the Motion to Dismiss [DE 15] is not the relationship between Sideral (the Brazilian entity) and AMP (the Irish entity), but rather the relationship between Sideral and Florida for purposes of the specific personal jurisdiction analysis.

Contrary to the allegations in the Complaint, Sideral advised this Court that it is independently owned and not the parent company of AMP, the Irish entity. *See* Pegoraro Aff. [DE 16-1], at ¶ 4.  Dvash presented this Court with no evidence to the contrary.

Dvash is attempting to impose specific personal jurisdiction upon Sideral, therefore any evidence relating to the proffered topics of AMP generally functioning as a "conduit" of Sideral or "for the benefit of" Sideral (Motion [DE 20], at p. 2) is not relevant to such an inquiry.  It is settled law that specific jurisdiction requires allegations that the defendant did one of the

enumerated actions within Florida <u>and</u> that the plaintiff's cause of action arises from such actions – which is "known as the statute's connexity requirement." *Piazenko v. Pier Marine Interiors GmbH*, 314 So. 3d 438, 443-44 (Fla. 3d DCA 2020).  If the Court directs Sideral to produce documents showing that AMP acted as a "conduit" of Sideral in Florida or "for the benefit of" Sideral in Florida in connection with the Lease-Purchase agreement with Dvash, Sideral will search for responsive documentation, although Sideral does not believe that there are any such documents to produce.

## **CONCLUSION**

WHEREFORE, Sideral respectfully requests that the Court deny the Motion [DE 20], together with granting attorneys' fees and costs to the maximum amount permitted by law, and such other and further relief as to this Court appears just and proper.  To the extent the Court permits any jurisdictional discovery, Sideral requests that the discovery be limited as set forth above, without prejudice to the jurisdictional defenses raised by Sideral.

    Respectfully submitted,

/s/ *Seth P. Robert*
Seth P. Robert
Florida Bar No. 145696
Connis O. Brown, III
Florida Bar No. 641960
**BROWN ROBERT, LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone:  954.832.9400
Facsimile:  954.832.9430
E-mail: srobert@brownrobert.com
E-mail: cbrown@brownrobert.com

*Attorneys for Defendant Sideral Linhas Aereas Ltda.*

## Certificate of Service

I hereby certify that on June 24, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served a copy of the foregoing upon the following:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Pkwy., #665
Henderson, Nevada 89012
Telephone: 301-444-4600
E-mail: mac@mbvesq.com
*Attorney for Plaintiff*

/s/ *Seth P. Robert*
Seth P. Robert
Florida Bar No. 145696