UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60312-CIV-SINGHAL

DVASH AVIATION HOLDINGS, LLC,

    Plaintiff,

v.

AMP LEASING LIMITED and
SIDERAL LINHAS AEREAS LTDA,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Sideral Linhas Aereas Ltda's Motion to Dismiss (DE [15]) and Plaintiff Dvash Aviation Holdings, LLC's Motion for Limited Jurisdictional Discovery (DE [20]). The motions are fully briefed and ripe for review. For the reasons discussed below, the Motion to Dismiss is granted and the Motion for Limited Jurisdictional Discovery is denied.

    I.    INTRODUCTION

Plaintiff, Dvash Aviation Holdings, LLC ("Dvash"), a Maryland corporation, has sued Defendant AMP Leasing Limited ("AMP Leasing"), an Irish corporation, and Sideral Linhas Aereas Ltda ("Sideral"), a Brazilian corporation, to recover a down payment for the sale/lease of an aircraft engine. The only connections this case has with the State of Florida are (1) the aircraft engine was delivered in Miami before it was shipped to Brazil and (2) the sale/lease agreement ("Agreement") contains a forum selection clause that specifies Florida. Sideral was not a party to the Agreement but was identified in the Agreement as the intended sublessee of the engine.

According to the Complaint (DE [1]), AMP Leasing breached the Agreement by paying the down payment to a third party, Savanna Leasing LLC, which never forwarded the down payment to Dvash. Dvash delivered the engine to AMP Leasing, which in turn forwarded the engine to Sideral in Brazil. Dvash complains that it has neither the jet engine nor the down payment and seeks to recover the "missing" down payment from AMP Leasing and Sideral.

AMP Leasing has filed an Answer and Affirmative Defenses (DE [17]). Sideral moves to quash service of process, to dismiss the Complaint for failure to state a claim and to dismiss for lack of personal jurisdiction. (DE [15]). Dvash, in turn, has requested leave to take limited jurisdictional discovery to establish Sideral's minimum contacts with Florida. (DE [20]).

The Court must address the Rule 12(b)(2) motion (lack of jurisdiction) before it addresses the Rule 12(b)(6) motion. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990) ("As a general rule, when the court is confronted by a motion raising a combination of Rule 12(b) defenses, it will pass on the jurisdictional issues before considering whether a claim was stated by the complaint") (quoting C. Wright & A. Miller, *Federal Practice and Procedure: Civil 2d* § 1351, at 243–44)). Because the Court concludes that it lacks personal jurisdiction over Sideral and that jurisdictional discovery is not warranted, this Order will only address the personal jurisdiction issues pursuant to Fed. R. Civ. P. 12(b)(2).

    II.    LEGAL STANDARDS

        A.  Personal Jurisdiction

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate

under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The plaintiff has the burden of alleging sufficient facts in the complaint to establish a prima facie case of jurisdiction. *Id.* A defendant may make a facial or factual challenge to jurisdiction; a factual challenge is made by filing an affidavit or other evidence in support of its position. *In re Zantac (Ranitidine) Products Liability Litigation,* 2020 WL 6907056, at *2 (S.D. Fla. Nov. 24, 2020).

### B. Jurisdictional Discovery

"When a factual challenge [to personal jurisdiction] is made, the parties have a qualified right to develop the factual record, if they make a timely request and jurisdictional facts are genuinely in dispute." *Id.* (citing *ACLU v. City of Sarasota,* 859 F.3d 1337, 1341 (11th Cir. 2017) ("[W]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery.'"). Magistrate Judge Bruce Reinhart of this District succinctly stated the law applicable to jurisdictional discovery:

> To summarize the applicable law: (1) when a plaintiff files a complaint, it must possess sufficient facts to support a good-faith belief that personal jurisdiction exists over every defendant; (2) the complaint must plead sufficient non-conclusory facts to establish a *prima facie* case of personal jurisdiction; (2) a defendant may, but is not required to, assert its own counter-facts to challenge the sufficiency of the well-pled jurisdictional facts alleged in the complaint; (3) if the counter-facts create a genuine dispute with the well-pled facts in the complaint, the plaintiff has a right to limited jurisdictional discovery on those genuinely-disputed facts; (4) a party is not entitled to jurisdictional discovery solely to remedy a lack of jurisdictional facts or an insufficient pre-filing investigation.

*In re Zantac,* 2020 WL 6907056, at * 3.[1]

---

[1] Error in numbering in quotation reprinted directly from the *Zantac* case.

III. DISCUSSION

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Todd Benjamin Int'l, Ltd. v. Grant Thornton Int'l, Ltd.,* 682 F. Supp. 3d 1112, 1132 (S.D. Fla. 2023) (quoting *United Technologies Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009)). The Complaint (DE [1]) alleges that Sideral is a Brazilian corporation with its principal place of business in São José dos Pinhais, Brazil. (DE [1] ¶ 8). The Complaint admits that Sideral is not registered to conduct business in the United States of America and does not maintain a registered agent in any state. *Id.* ¶ 9. The only jurisdictional allegations relating to Sideral are that Sideral regularly acquires aircraft parts in Florida and that Sideral is the parent corporation of AMP Leasing. *Id.* ¶¶ 10, 36. Further, the Complaint alleges that the Agreement between Dvash and AMP Leasing identifies Sideral as the entity to which AMP Leasing would sublease the engine. *Id.* ¶ 36.

Sideral claims this Court lacks personal jurisdiction over it and has submitted an affidavit of Christian Pegararo, who handles fleet acquisitions for Sideral. (DE [16-1] ¶ 2). According to Pegararo's affidavit, Sideral is in the air cargo and passenger transportation business. *Id.* ¶ 6. It operates out of 14 airports, all in Brazil. *Id.* ¶ 7. Sideral maintains no presence in Florida, does not operate planes in Florida and has never performed services or flown planes in Florida. *Id.* ¶¶ 10-19. Sideral has received approval from the United States Department of Transportation to make future flights into the United States, but it has not received the required permission from other agencies, such as the Federal Aviation Administration, the Transportation Safety Administration, and Customs and Border Protection. *Id.* ¶ 22. As of the date the Complaint was filed, Sideral had not made

any flights into the United States. *Id.* ¶ 23. Sideral has purchased parts from companies in Florida, but all such parts are delivered for use in Brazil. *Id.* ¶ 18. Pegararo also states that Sideral is independently owned and is not the parent company of AMP Leasing. *Id.* ¶ 4.

When "the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1269 (11th Cir. 2002)). Dvash offers no contra evidence, but asks permission to engage in limited jurisdictional discovery on three issues: (1) whether Sideral took delivery of the engine in Florida; (2) the number and type of transactions Sideral engaged in in Florida during the preceding several years; and (3) the full extent of Sideral's relationship with AMP Leasing, "including the numerosity of shared employees, the degree to which AMP functions fully as a conduit of Sideral, and the frequency with which AMP conducts business in Florida for the benefit of Sideral." (DE [20]).

A. <u>Personal Jurisdiction</u>

Courts may constitutionally exercise jurisdiction over a foreign defendant in two ways: general jurisdiction and specific jurisdiction. *Herederos De Roberto Gomez Cabrera, LLC v. Teck Resources Ltd.,* 43 F.4th 1303, 1310 (11th Cir. 2022), *cert. denied,* 143 S. Ct. 736 (2023). General jurisdiction exists when the defendant's activities are so "continuous and systematic" so as to render it essentially at home in the forum state. *Id.* at 1311. Dvash does not argue that Sideral is subject to general jurisdiction in Florida.

Dvash does argue that Sideral is subject to specific jurisdiction by virtue of its "[o]perating, conducting, engaging in, or carrying on a business or business venture in

this state or having an office or agency in this state." Fla. Stat. § 48.193(1)(a)(1). Dvash argues that Sideral falls within the long arm statute because it "transacted business in the State of Florida when the jet engine … was delivered 'FOB Miami NDT facility in Miami, Florida.'" Additionally, Sideral acknowledges that it "purchases parts from sellers in many countries, including the United States." These facts are not sufficient to bring Sideral under Florida's long arm statute.

"Florida's long-arm statute is to be strictly construed." *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 627 (11th Cir. 1996). "In order to establish that a defendant was carrying on a business or business venture in the state, either itself or through an agent, '[t]he activities of the [defendant] sought to be served ... must be considered collectively and show a general course of business activity in the State for pecuniary benefit.'" *Id.* (quoting *Dinsmore v. Martin Blumenthal Associates, Inc.,* 314 So.2d 561, 564 (Fla.1975)). "Factors relevant, but not dispositive, to this analysis include the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005).

Even assuming Sideral (and not AMP Leasing) accepted delivery of the engine in Miami, Dvash has failed to show that Sideral carried on a business or business venture in Florida sufficient to invoke the long arm statute. No other factors exist: Sideral has no offices, employees, mailing address, bank accounts, records, property, resident agent, or license to do business in Florida. (DE [16-1]). The Court cannot find the existence of a business or business venture merely because Miami was a link in the logistics chain. Neither can the Court find minimum contacts satisfied by proof that Sideral purchases

6

goods in Florida. Florida courts have consistently held that purchasing items in Florida does not create personal jurisdiction. *Supermarket Source, Inc. v. Dolphin Gourmet Market,* 2011 WL 13223503, at *2 (S.D. Fla. Mar. 8, 2011) (purchasing goods in Florida and attending sales conferences does not establish that defendants conducted a business venture in Florida to satisfy Florida long arm statute); *Marsh Supermarkets, Inc. v. Queen's Flowers Corp.,* 696 So. 2d 1207, 1209 (Fla. 3rd DCA 1997) (purchases from Florida vendor and failure to make payment in this state insufficient to establish personal jurisdiction); *Alan Richard Textiles, Ltd. v. Vertilux, Inc.,* 627 So. 2d 529, 530 (Fla. 3rd DCA 1993) (ordering goods from a Florida company is not sufficient to establish minimum contacts).

Neither the evidence in the record nor the allegations in Dvash's Complaint establish that Sideral is subject to Florida's long arm statute or has minimum contacts with the State of Florida that would subject it to the jurisdiction of this Court. Accordingly, Sideral's Motion to Dismiss for Lack of Personal Jurisdiction must be granted.

2. <u>Jurisdictional Discovery</u>

Given that purchasing or accepting delivery of goods in Florida cannot subject a defendant to personal jurisdiction, the Court concludes that the jurisdictional discovery relating to delivery of the engine and Sideral's Florida transactions would not be fruitful. But Dvash also seeks discovery of the relationship between AMP Leasing and Sideral. Specifically, Dvash looks to discover "the full extent of Sideral's connections to AMP, including the numerosity of shared employees, the degree to which AMP functions fully as a conduit of Sideral, and the frequency with which AMP conducts business in Florida for the benefit of Sideral." (DE [20] p. 2). This appears to be discovery designed to establish agency jurisdiction.

"Agency-based personal jurisdiction exists where the parent entity exercises operational control over a subsidiary." *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1241 (S.D. Fla. 2015) (Altonaga, J.). "Operational control" means "the day-to-day control of the internal affairs or basic operations of the subsidiary." *Id.* (citing *Enic, PLC v. F.F. South & Co.*, 870 So.2d 888, 891–92 (Fla. 5th DCA 2004)).

The problem is that Dvash's Complaint does not allege agency jurisdiction. The entitlement to jurisdictional discovery is a "qualified entitlement" that must be supported by well-pled factual allegations that would support jurisdiction. There are no well-plead allegations that Sideral has operational control over AMP Leasing. Accordingly, jurisdictional discovery is not warranted. *See In re Zantac (Ranitidine) Products Liability Litigation,* 2020 WL 6907056, at * 6 ("Even viewed in the light most favorable to Plaintiffs, there is no *prima facie* case pled, nor is there a genuinely disputed well-pled jurisdictional fact. Plaintiffs may not take jurisdictional discovery….").

For these reasons, the Motion for Limited Jurisdictional Discovery will be denied. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Sideral Linhas Aereas Ltda's Motion to Dismiss for Lack of Personal Jurisdiction (DE [15]) is **GRANTED** and Dvash Aviation Holdings, LLC's Motion for Limited Jurisdictional Discovery (DE [20]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 11th day of July 2024.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF