IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

| | |
|---|---|
| DVASH AVIATION HOLDINGS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 0:24-cv-60312-AHS |
| AMP LEASING LIMITED | ) ) ) |
| Defendant. | ) ) |

**STATEMENT OF UNDISPUTED FACTS**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Comes now Dvash Aviation Holdings, LLC ("Dvash" or the "Plaintiff"), by and through undersigned counsel, pursuant to Local Rule 56.1(a), and asserts the following facts to be material in nature and not subject to genuine dispute:

**Parties / Jurisdiction**

1. Dvash is a limited liability company formed pursuant to the laws of the State of Maryland, with the sole member of Dvash being a natural person who, in turn, is a domiciliary of the State of Maryland. *See* Declaration of David Butler ("Butler Dec."), attached hereto as Exhibit A ("Ex. A"), at ¶¶ 2-3.

2. AMP is an entity existing pursuant to the laws of the Republic of Ireland, with its principal place of business being in Dublin, Ireland. *See* Complaint, DE #1, at ¶ 7; Answer, DE #17, at ¶ 7.

3. The damages sought herein, by Dvash, exceed $75,000.00. *See* Complaint, DE #1, at p. 6, *ad damnum* clause.

**Engine Lease-Purchase Agreement**

4. Dvash and AMP are parties to an Engine Lease-Purchase Agreement (the "Agreement"), dated as of December 31, 2019 and amended as of the same date (the "Amendment"). *See* Agreement, attached hereto as Exhibit B ("Ex. B"), at p. 2 (setting forth parties and date); Amendment, attached hereto as Exhibit C ("Ex. C"), at p. 2 (setting forth parties and date).

5. Under the Agreement, Dvash agreed to sell an airplane engine (the "Engine") to AMP. *See* Agreement, Ex. B, at p. 5, § 3.1.

6. In return, AMP agreed to pay Dvash the sum of $1,360,000.00 (the "Purchase Price"). *Id.* at p. 5, § 3.2.

7. The Agreement provides for the Purchase Price to be paid through (i) an initial payment of $408,016.00 (the "Initial Payment") due on delivery; and eighteen (18) subsequent payments of $52,888.00 each. *Id.* at p. 5, § 3.2.

8. The Agreement expressly provides the Initial Payment is to be made "by wire transfer to [Dvash's] bank account," noting the details of that bank account to be set forth in the Agreement itself. Agreement, Ex. B, at p. 5, § 3.2.

9. The Agreement goes on to set forth the details of Dvash's bank account. *Id.* at p. 7, § 3.6.

10. The Agreement provides that any changes or waivers must be made "by an instrument in writing signed by the parties hereto." *Id.* at p. 17, § 13.9.

11. The Amendment does not change the details of the bank account to which the Initial Payment is to be made. *See* Amendment, Ex. C, *passim*.

12. Where a payment is not timely made, the Agreement provides for interest thereupon to accrue at the rate of 1.5% per month. *See* Agreement, Ex. B, at p. 6, § 3.2(f).

13. Pursuant to the Agreement, the prevailing party in any enforcement suit is entitled to collect "the amount of all reasonable attorney's fees of such counsel and all other expenses incurred in enforcing such obligation. . ." *Id.* at p. 18, § 13.13.

## Performance and Non-Performance

14. Dvash performed under the Agreement by causing the Engine to be delivered to AMP on or before January 15, 2020. *See* Butler Dec., Ex. A, at ¶ 5.

15. The eighteen (18) subsequent payments are not at issue, with Dvash and AMP both acknowledging the subject payments were made. Complaint, DE #1, at ¶ 25; Answer, DE #17, at ¶ 25.

16. In lieu of making the Initial Payment to Dvash, AMP caused the sum to be paid to Savanna Leasing LLC ("SLL"). *See* Payment Details, attached hereto as Exhibit D.

17. It appears AMP made the Initial Payment to SLL because a bogus invoice was sent to AMP, by SLL. *See* Fraudulent Invoice, attached hereto as Exhibit E; Butler Dec., Ex. A, at ¶ 6.

18. Dvash did not author or send the bogus invoice and never saw the bogus invoice until it was shared by AMP after Dvash raised questions about AMP's failure to make the Initial Payment. *See* Butler Dec., Ex. A, at ¶ 7.

19. At no time has Dvash executed an amendment to the Agreement whereby the payment instructions thereunder are changed, altered, updated, or otherwise amended. *Id.* at ¶ 8.

20. As of the filing of this statement of undisputed facts, AMP has never made the Initial Payment to Dvash. *Id.* at ¶ 9.

**Interest Calculation**

21.     As of the filing of this statement, more than 58 months have elapsed since the Initial Payment came due.

22.     The interest rate of 1.5% per month, applied to the Initial Payment of $408,016.00, creates a monthly interest obligation of $6,120.24.

23.     The monthly interest obligation of $6,120.24, multiplied by 59 months, creates a cumulative interest obligation of $361,094.16 that continues to accrue on the 15th of each month.

24.     The cumulative interest obligation as of present, plus the Initial Payment, create a present obligation of $769,110.16, exclusive of accruing attorneys' fees and suit costs.

Respectfully Submitted,

THE VERSTANDIG LAW FIRM, LLC

/s/ Maurice B. VerStandig
Maurice B. VerStandig
Bar No. 76723
1452 W. Horizon Ridge Pkwy., #665
Henderson, Nevada 89012
Telephone: (301) 444-4600
E-mail: mac@mbvesq.com
*Counsel for Dvash Aviation Holdings, LLC*